# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

All Pro Realty Associates, Inc.

v.

Travilian Homes, Inc.

February 6, 1997

Case No. CL96-473

BY JUDGE WILLIAM H. LEDBETTER, JR.

The defendant has filed a plea in bar asserting that the plaintiff's action in this implied contract case is barred by the statute of frauds.

## Background Facts

For the purposes of this proceeding, the facts are those alleged in the motion for judgment and admitted by the plaintiff in response to a request for admissions.

The plaintiff (All Pro) is a licensed real estate broker. Dottie Russell, a licensed real estate agent, is an employee of All Pro. The defendant (Travilian) is a licensed builder engaged in residential construction in the Fredericksburg area.

In September, 1995, Russell met with Gerald and Katherine Charlwood, prospective purchasers of residential property. Among other things, Russell accompanied the Charlwoods to look at various homes in Spotsylvania County subdivisions, including builders' model homes.

The Charlwoods were impressed by a model home built by Travilian. They spoke to Russell about it, and as a consequence, Russell went with them to meet Travilian officials about constructing a home for the Charlwoods. The discussion was quite detailed. During the meeting, Russell informed Travilian that the Charlwoods were her "clients," a fact that Travilian acknowledged.

Later, the Charlwoods told Russell that they had signed a contract with Travilian for the construction of a house. Travilian built the house and closed the transaction with the Charlwoods on June 30, 1996. All Pro contends that

it is entitled to a commission for procuring the Charlwoods for Travilian. Travilian refused to pay All Pro a commission.

### Status of the Case

All Pro instituted this action to recover a commission upon implied contract alleging the facts described above.

Travilian filed a plea in bar. In its plea, Travilian says that All Pro cannot maintain this action because there is no written agreement between the parties, and consequently, the claim is barred by Virginia Code § 11-2(7).

In discovery, All Pro admitted that there is no written agreement between it and Travilian with respect to this transaction.

The court heard arguments on the plea on February 3, 1997, and took the matter under advisement.

### Implied Contract

Travilian correctly observes that Virginia's codified version of the so-called statute of frauds provides:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases ... .
>
> 7. Upon any agreement or contract for services to be performed in the sale of real estate by [a real estate broker or agent].

Virginia's statute of frauds, like all similar American legislation, has its roots in the ancient English Statute of Frauds. The declared purpose of the original enactment was to prevent the setting up of pretended agreements by fraud and perjury. Later, an additional salutary purpose was noted: the statute requires that the most important contractual arrangements, such as the sale and purchase of land, be reduced to writing to avoid honest mistakes caused by imperfections of memory.

Since the primary object of the statute of frauds is to prevent frauds and perjuries and not to perpetrate them, the statute is not enforced when, by the effect of it, a fraud and a wrong would be perpetrated. 8B M.J., *Frauds, Statute of,* § 3.

In this case, the claim is not brought upon a "promise, contract, agreement, representation, assurance or ratification" purportedly made between Travilian

and All Pro. (If it were, Travilian would be correct in asserting that the action is barred by § 11-2(7) because the contract was not reduced to writing.)

Instead, All Pro sues upon an implied contract. An implied contract arises from the equitable principle that one person may not enrich himself unjustly at the expense of another. Under certain circumstances, the acts and conduct of the parties may bring about an obligation quasi ex contractu. A contract implied in law is but a duty *imposed by law* and treated as a contract *for the purposes of a remedy only*. See 4B M.J., *Contracts*, § 99.

An action on an implied contract is still recognized in Virginia. See e.g., *National R.R. Passenger Corp. v. Catlett Volunteer Fire Co.*, 241 Va. 402 (1991). In such an action, the plaintiff claims that in good conscience the law should impose a duty and imply the necessary promises to create a "contractual relationship" between the parties where none actually exists.

The statute of frauds has no application to an action on an implied contract. By its very nature, such an action acknowledges that there is no promise, contract, or agreement between the parties that is capable of being reduced to writing; rather, the action seeks ex contractu relief based on the fictional notion that the law should supply the necessary promises, by implication, to create the obligation.

Whether All Pro is entitled to compensation from Travilian for services rendered, upon a theory of implied contract, will be determined by the facts of the case. Sufficient facts must be adduced to create the implication that the defendant promised, even though it did not actually make such a promise, to pay for the benefit it derived from the plaintiff's services. See *Nedrick v. Jones*, 245 Va. 465 (1993); 4B M.J., *Contracts*, §§ 99-104.

### *Type of Service Performed*

Further, the court finds that subsection 7 of the statute of frauds is not implicated in this case because the services allegedly rendered by All Pro did not involve the sale of real estate.

Upon a careful reading of the motion for judgment, it is clear that the services performed by Russell, as an employee of All Pro, consisted of putting the Charlwoods together with Travilian so that Travilian might build a house for them. None of the allegations in that pleading suggests that Russell's services included the sale of real estate. At bottom, All Pro claims compensation for services rendered in brokering the arrangement between Travilian and the Charlwoods for construction of a house.

This case is similar to *Carry v. Stallard*, Spotsylvania County Circuit Court # CL96-241, in which this court held that § 11-2(7) does not apply to

agreements, expressed or implied, whereby a real estate agent would be compensated for arranging a construction transaction between a builder and a customer of the realtor. In that case, as here, no sale of real estate was involved.

## Conclusion

For the foregoing reasons, the plea in bar will be denied. Mr. Sokol will please prepare a sketch order allowing the defendant twenty-one days to file a responsive pleading.